**UNITED STATES of America,**
**Appellee,**

v.

**Edward McINTYRE, Defendant-**
**Appellant.**

**No. 386, Docket 30141.**

United States Court of Appeals
Second Circuit.

Argued March 16, 1967.

Decided March 24, 1967.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Jack Kaplan, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, John E. Sprizzo, Asst. U. S. Atty., on the brief), for appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction of violating the federal narcotics laws, 21 U.S.C. §§ 173, 174, entered after a one day non-jury trial before Judge Tenney in the Southern District of New York. The only error raised by appellant is denial of his right to a speedy trial as guaranteed by the Sixth Amendment. The sale of narcotics took place in August 1963; indictment followed in June 1964, and the trial was not held until October 1965. Throughout the time after indictment, appellant was incarcerated in a state prison for another crime. Upon conviction, he was given the minimum mandatory sentence of ten years for second narcotics offenders, but the judge recommended that appellant be allowed to begin service of the federal sentence concurrently with the remainder of the state sentence. Thereafter, this recommendation was followed by the Attorney General, and Clinton State Prison at Dannemora, New York, was designated for service of appellant's federal term. Appellant therefore principally claims that delay in bringing him to trial had the practical effect of adding to his federal sentence, since the period of concurrence was diminished.

Appellant concentrates his attack on the delay from indictment to trial. As far as we can tell from the inadequate record before us, these sixteen months break down into three periods: June to October 1964, during which time appellant, brought in from the prison in upstate New York, apparently consented to adjournments in the belief (as he now claims) that trial was imminent; October 1964 to May 1965, when appellant made a *pro se* application for a trial forthwith and was assigned counsel; and May to October 1965, when appellant was

tried. Several issues of the law of speedy trial have been briefed by the parties; however, the record is insufficient for meaningful adjudication. Without attempting to apportion the blame, if any, for the paucity of facts presented for our guidance, we order a remand of the case to the district court for a hearing encompassing, but not necessarily limited to, the following: What events transpired from October 1964 to October 1965, including whether appellant was represented by counsel, waived the right to a speedy trial, and was brought by the Government to the Southern District for the purpose of testifying before a Grand Jury in another matter; what the reasons for delay were in this period and whether defendant acquiesced therein, including the Government's role, if any, in preparing the calendar of cases to be tried in the summer months; and when appellant's state sentence expired. Upon the expanded record, the district court should again consider appellant's argument that he was denied a speedy trial. We assume that The Legal Aid Society, which has effectively represented appellant on this appeal, will take the necessary steps to continue as appellant's counsel in the district court. Of course, our remand is not to be construed as expressing any views on the merits.

Case remanded to the district court for proceedings consistent with this opinion.