**UNITED STATES of America,
Appellee,**

v.

**Edward McINTYRE, Defendant-Appellant.**

**No. 335, Docket 31557.**

United States Court of Appeals
Second Circuit.

Argued March 20, 1968.

Decided June 10, 1968.

---

Jack Kaplan, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York and Stephen F. Williams, Asst. U. S. Atty., on the brief), for appellee.

W. A. Newcomb, New York City, for appellant.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and BLUMENFELD,* District Judge.

LUMBARD, Chief Judge:

Edward McIntyre appeals from an order of the Southern District denying a motion to dismiss the indictment on the ground that defendant was denied his Sixth Amendment right to a speedy trial. We find that Judge Tenney's findings are supported by the record and for the reasons stated in his opinion we agree that McIntyre was not deprived of his right to a speedy trial despite the lapse of over 15 months between his indictment and trial. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). See United States v. Santos, 372 F.2d 177, 179 (2d Cir. 1967).

McIntyre was indicted June 25, 1964 on two counts of selling heroin and conspiracy to sell heroin in violation of 21 U.S.C. §§ 173, 174. On October 14, 1965, Judge Tenney denied, after oral argument by counsel, defendant's *pro se* motion to dismiss the indictment because he had been denied his right to a speedy trial. He was then tried and convicted by Judge Tenney, sitting without a jury. Defendant appealed his conviction on the issue of denial of a speedy trial. We found that the record was insufficient for meaningful adjudication of the issue and remanded for a hearing and reconsideration of appellant's argument by the district court. 375 F.2d 127 (2d Cir. 1967). On remand, Judge Tenney conducted a two day hearing and made careful and extensive findings.

Appellant contends that although the district court correctly stated and applied the law, its disposition of the motion to dismiss the indictment is incorrect because some of its findings are erroneous. We do not agree.

A brief summary of the district court's findings will be sufficient for discussion of the points raised on appeal. After the indictment was filed on June 25, 1964, a

* Of the District of Connecticut, sitting by designation.

bench warrant was issued and lodged as a detainer July 1, 1964, at Clinton Prison, Dannemora, New York, where McIntyre was serving a 2½ to 3 year state sentence. On August 4, 1964, McIntyre appeared at the Federal Court House for pleading and, at his own request, the matter was adjourned to enable him to obtain counsel. On August 25, McIntyre retained Samuel Segal, Esq. The following day his brother, Philip Segal, Esq., appeared on defendant's behalf. McIntyre pleaded not guilty and September 14 was set as the return date for motions and as the time to fix a date for trial. On September 14 the matter was adjourned for one month. Successive adjournments followed until December 17, 1964 when the Assistant United States Attorney, failing to recall that McIntyre was incarcerated in state prison, sought a bench warrant and bail forfeiture when neither McIntyre nor Segal appeared, and the case was marked off the calendar.

In April 1965, McIntyre was brought to the Southern District on a writ of habeas corpus ad testificandum in connection with an unrelated grand jury investigation. When McIntyre refused to cooperate in the investigation, a writ of habeas corpus ad prosequendum was issued and the case was restored to the calendar for May 18, 1965. On May 17, 1965, appellant submitted a *pro se* motion for a speedy trial. The following day Samuel Segal appeared with the defendant and requested permission to withdraw. Appellant did not object and the request was granted.

■ On May 20, 1965, Anthony Atlas, Esq., was assigned to represent McIntyre.[1] Thereafter Judge Croake filed a memorandum stating that decision of McIntyre's *pro se* speedy trial motion would be withheld pending a determi-

nation by assigned counsel whether he wished to renew the motion. On May 25, McIntyre and Mr. Atlas appeared before Judge Croake, who informed Atlas of his memorandum on the speedy trial motion. Mr. Atlas requested a "late summer trial." The matter was adjourned until June 3, at which time counsel agreed to have the case placed on the summer calendar. Mr. Atlas testified that he was ready to go to trial any time after June 25. However, when it became apparent that the case would not be reached on the summer calendar, it was adjourned with counsel's consent until September 21. On that date the case was set for trial on the first date of the October term, October 4. However, trial was postponed another ten days due to the trial judge's illness and appellant submitted a second *pro se* speedy trial motion on October 4, which motion was heard just prior to trial on October 14.

■ On remand, Judge Tenney found that McIntyre acquiesced in the delay from October 14, 1964 through April 23, 1965, when the Government applied for a writ of habeas corpus ad testificandum. Appellant argues that he did not acquiesce but was misled because he was deprived of knowledge of the progress of the case, did not know the reasons for the delays and had no idea that the case would ever be tried. The district court's finding, based in part upon McIntyre's own testimony that he was hoping the government would drop the case because it could not find the coconspirator named "Pete," 271 F.Supp. at 997, is supported by the record and not clearly erroneous. Appellant points to nothing in the record indicating that he expressed any concern for the progress of his case or attempted to find out the reasons for the delays either from his retained counsel or from

1. It may well be that some of the delay was attributable to the fact that the district court granted Segal's request to withdraw before other counsel was appointed to take his place. There is a strong public policy, most strikingly illustrated by the Crminal Justice Act, 18 U.S.C. § 3006A, that an accused should

be represented by counsel at all times, unless he has knowingly decided that he does not wish counsel. The district courts invite troublesome claims and questions whenever counsel is prematurely relieved or a hiatus is permitted. It matters not that the defendant is in jail serving a sentence.

the government, although the district court found that he was aware of his rights, and the record shows that when he wished to assert himself he was capable of doing so. See 271 F.Supp. at 1000 n. 8.

■ The record amply supports Judge Tenney's finding that appellant acquiesced in the delay during the period when he was represented by Segal. Retained counsel's alleged inadequacies as to which inquiry is not necessary do not excuse appellant's failure to demand a speedy trial at an earlier date. Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964). When appellant finally decided that he wanted a speedy trial, he filed a motion *pro se* rather than acting through Segal. The district court did not err in finding that failure to demand a speedy trial at an earlier date was not due to any inadequacy of retained counsel. Apart from this it is plain that any delay was not "purposeful or oppressive." United States v. Ewell, 383 U.S. 116, 120, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966), quoting from Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

Affirmed.