**Mike SCARAFIOTTI, Plaintiff-Appellant,**

v.

**John G. SHEA, aka Jerry Shea, Defendant-Appellee.**

**No. 71–1308.**

United States Court of Appeals, Tenth Circuit.

March 10, 1972.

Melvin A. Coffee, Denver, Colo., for plaintiff-appellant.

Gary R. Allen, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, and Joseph H. Reiter, Attys., Tax Division, Dept. of Justice, and James L. Treece, U. S. Atty., of counsel, on the brief), for defendant-appellee.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Scarafiotti brought a mandamus action under 28 U.S.C. § 1361 against defendant-appellee Shea. The district court sustained a motion to dismiss.

The complaint alleges that defendant Shea is a Special Agent in the Intelligence Division of the Internal Revenue Service; that an attorney for the plaintiff wrote the defendant saying that he represented the plaintiff "in the tax matter being investigated by the defendant"; that plaintiff demanded that "defendant give advance notice to the attorney of the date, time, place and general subject matter of any third party requests for information concerning plaintiff in this tax investigation"; and that defendant has refused to give the requested notice. The prayer for relief is that the court "issue an order in this action in the nature of mandamus ordering defendant to give the plaintiff and plaintiff's attorney advance notice of any requests by defendant of information from third parties concerning his investigation of plaintiff upon such terms and conditions as the Court may deem just."

Before mandamus will issue, "it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and peremptory." Prairie Band of Pottawatomie Tribe of Indians v. Udall, 10 Cir., 355 F.2d 364, 367; see also Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809.

 In a self-assessment system of taxation, investigations by the taxing authorities are essential to the acceptable operation of that system. Under § 7602 of the Internal Revenue Code of 1954, an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution. Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 27 L.Ed.2d 580. The statutes which authorize the use and enforcement of a summons make no provision for notice to the taxpayer. See Internal Revenue Code of 1954 §§ 7602, 7603, and 7604. No statute of which we are aware requires an IRS agent to give notice to a taxpayer that he intends to talk to a third party about any tax matter relating to the taxpayer and the plaintiff cites none.

Plaintiff says that duty to notify is the "sine qua non" of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459. Reisman, which in part deals with third-party intervention in summons enforcement proceedings under the Internal Revenue Code, ibid. at 449, 84 S.Ct. 508, 11 L.Ed.2d 459, does not say that the notice here sought is required. Likewise, Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580, which holds that absent a protectible interest a third-party taxpayer was not improperly denied intervention, ibid. at 531, 91 S.Ct. 534, 27 L.Ed.2d 580, does not lay down a notice requirement.

 In essence, the plaintiff asserts that Reisman by implication requires notice to be given before any request or interview of a third party. A similar assertion that Reisman establishes some type of notice requirement has been rejected. See In re Cole, 2 Cir., 342 F.2d 5, 7–8, cert. denied, 381 U.S. 950, 85 S. Ct. 1803, 14 L.Ed.2d 723. Clearly, the duty here claimed is not so plainly defined "as to be free from doubt." Prairie Band of Pottawatomie Tribe of Indians v. Udall, 10 Cir., 355 F.2d 364, 367.

Affirmed.