**Vincent Norman SMALLEY, Plaintiff,**

**v.**

**Griffin BELL, Attorney General, Respondent.**

**Civ. No. 78–0786–D.**

United States District Court, W. D. Oklahoma.

April 13, 1979.

Vincent Norman Smalley, pro se.

Larry D. Patton, U. S. Atty. by S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

**ORDER**

DAUGHERTY, Chief Judge.

Petitioner Vincent Norman Smalley, a federal prisoner incarcerated at the Federal Correctional Institution at El Reno, Oklahoma, brings this Petition for Change of Name Per Title 28 U.S.C. § 1361 seeking a writ of mandamus to compel the Respon-

dent, the Attorney General of the United States, to amend the Petitioner's official records to reflect his new name "Shadeed Abdul Muhammad."

Petitioner alleges that he is a member of the Islamic faith; he has had his name changed from Vincent Norman Smalley to Shadeed Abdul Muhammad in state court proceedings in Arkansas; he has notified Respondent of the change of his name and requested that his records be amended to reflect the change; and Respondent's agents have refused to amend the records as requested and have harassed Plaintiff by referring to him by his former name of Vincent Norman Smalley. He claims that the Respondent's refusal to recognize his name, as changed, is a denial of his common law right to take any name desired, without making public record, and violates his right to practice the religion of his choice under the First Amendment to the Constitution and his right under the Fourteenth Amendment to equal protection of the laws. Petitioner seeks as relief herein a writ of mandamus compelling Respondent and his subordinates to amend all records and enjoining them from referring to Petitioner by the name Vincent Norman Smalley. In conjunction with his Petition, Petitioner submits a copy of the January 30, 1978 order of the Chancery Court of Garland County, Arkansas, ordering that the name of Vincent Norman Smalley was to be changed to Shadeed Abdul Muhammad.

In his Response to Writ of Mandamus, Respondent contends that the refusal to change Petitioner's official records was not arbitrary or capricious and did not violate Petitioner's constitutional rights. He maintains that the orderly administration of penal institutions is properly within the discretionary function of the Bureau of Prisons and argues that changes in the official records of each prisoner would disrupt the orderly administrative control of the prisoners, in that inquiries from other law enforcement agencies or from the courts would not be properly directed, the task of changing all records would prove an insurmountable task causing delays and confusion within the prison itself, and that as the commitment order places Vincent Norman Smalley, and not Shadeed Abdul Muhammad, in the custody of the Respondent, the Respondent must carry out that order and that any amendment to the judgment and commitment order must come from the sentencing court. He further maintains that the Petitioner's assertion that the Respondent's refusal to change Petitioner's records violates his right to practice religion is only a conclusion that is unsupported by any factual or legal basis.

Mandamus relief is appropriate only when the person seeking such relief can show a duty owed to him by the government official to whom the writ is directed that is ministerial, clearly defined and preemptory. *Schulke v. United States,* 544 F.2d 453, 455 (Tenth Cir. 1976); *Scarafiotti v. Shea,* 456 F.2d 1052, 1053 (Tenth Cir. 1972); *Prairie Band of Pottawatomie Tribe of Indians v. Udall,* 355 F.2d 364, 367 (Tenth Cir. 1966), *cert. denied,* 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966). Extraordinary relief in the form of a writ of mandamus is proper only when the suing party can establish that the government official to whom the writ is to issue has a non-discretionary, ministerial duty to act that is so plainly prescribed by law as to be free from doubt. *See Wilbur v. United States ex rel. Kadrie,* 281 U.S. 206, 218–19, 50 S.Ct. 320, 74 L.Ed. 809 (1929); *Prairie Band of Pottawatomie Tribe of Indians v. Udall, supra.*

The United States Court of Appeals for the Tenth Circuit adheres to the "hands off" policy in matters of prison administration according to which it has said that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice on the part of the prison officials. *E. g., Marchesani v. McCune,* 531 F.2d 459, 462 (Tenth Cir. 1976), *cert. denied,* 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976). In balancing the necessity for a free hand in prison ad-

18

ministration against the basic constitutional rights of prisoners, it seems practical and workable to say that the "hands off" doctrine operates reasonably to the extent that it prevents judicial review of deprivations which are necessary or reasonable concomitants of imprisonment. *Bethea v. Crouse*, 417 F.2d 504, 506 (Tenth Cir. 1969).

In the instant case, the Court concludes that Petitioner's Petition for Change of Name should be denied. The Petitioner has not established, nor has the Court found, that the Respondent has a non-discretionary, ministerial duty to alter Petitioner's official records so as to reflect Petitioner's change of name. The Court finds that the orderly administration of the federal prison system constitutes sufficient cause for the Respondent to refuse the Petitioner's request that the name in his official records be changed. Respondent's refusal of Petitioner's request for such change does not constitute clear abuse or caprice on the part of the Respondent nor does it violate Petitioner's right to practice his religion or his right to equal protection of the laws.

Accordingly, the action contained in Petitioner's Petition for Change of Name Per Title 28 U.S.C. § 1361 is dismissed.