Cary QUEENEL, Petitioner,

v.

Edwin MEESE, United States Attorney General, Respondent.

No. C–83–20437–SW.

United States District Court,
N.D. California,
Ninth Division.

Nov. 18, 1986.

Cary Queenel, in pro-per.

No appearance for respondent.

ORDER DISMISSING PETITIONER'S APPLICATION FOR WRIT OF MANDAMUS.

SPENCER WILLIAMS, District Judge.

Petitioner Cary Queenel brings this petition for writ of mandamus to compel the Attorney General to transfer his place of incarceration from the state correctional facility in which he is presently confined to a federal institution. Petitioner claims that issuing the writ is necessary to insure proper credit for time served under a state sentence which was allegedly to run concurrently with a previously imposed federal sentence.

Petitioner's application for a writ of mandamus is sufficiently vague and ambiguous to preclude this court from rendering a final decision in the matter. Accordingly, the petition is dismissed with leave to amend so that petitioner may refile his petition to comply with the standards set forth in this order.

Petitioner is currently incarcerated at the California Correctional Training Facility in Soledad California. Although the details of petitioner's sentence are unclear, his petition explains that the state sentence was imposed as a result of a conviction for violating the California Penal Code. The duration of petitioner's state sentence is unknown.

According to petitioner's application for a mandamus writ, on or about April 11, 1982, the United States marshal lodged a detainer against the petitioner by issuing a warrant (the number of which is unknown by petitioner) to petitioner's current place of incarceration. The circumstances leading up to the lodging of this detainer are also presently unknown but, as illustrated be-

low, these circumstances are crucial in determining the scope of petitioner's rights.

The primary inquiry is whether the detainer was lodged for a probation violation or pursuant to an untried indictment against the petitioner. Each of these situations confer distinct rights on petitioner. This court can not make a final ruling on this matter until the nature of the detainer is disclosed.

In any event, the petitioner filed this application for a writ of mandamus on December 21, 1983. The petition requests that this court either order the Attorney General to transfer petitioner from the state to a federal place of confinement, or, alternatively, to designate the state facility in which he is presently confined as the proper location for serving his federal sentence.

The writ of mandamus is an improper remedy under these circumstances. Under 28 U.S.C. section 1361, Mandamus is proper to compel an agent or employee of the United States to perform a duty owed to the plaintiff. The remedy of mandamus is drastic and to be invoked only in extraordinary situations. The petitioner must have no other adequate means to attain the desired relief and must show that his right to the issuance of the writ is "clear and indisputable." *Kerr v. United States District Court,* 426 U.S. 394, 402–403, 96 S.Ct. 2119, 2123–2124, 48 L.Ed.2d 725 (1976); *see also, Holmes v. United States Board of Parole,* 541 F.2d 1243, 1247 (7th Cir.1976), *rev'd on other grounds, Solomon v. Benson,* 563 F.2d 339, 340–343 (7th Cir.1977) (three elements to test the appropriateness of mandamus: 1) clear right to relief sought; 2) plainly defined and preemptory duty by defendant to do act(s) in question; 3) no other adequate remedy available). Additionally, mandamus is proper only to command an official to perform an act which is so plainly prescribed as to be free from doubt. The claim must be clear and certain and the duty ministerial. *Smith v. Grimm,* 534 F.2d 1346, 1352 (9th Cir.1976). Plaintiff must show a non-discretionary, ministerial duty to act so plainly prescribed

by law as to be free from doubt. *Smalley v. Bell,* 484 F.Supp. 16, 17 (W.D.Okla.1979).

In petitioner's case, a writ of mandamus is inappropriate because the designation of where a sentence shall be served is entirely within the sound discretion of the Attorney General. 18 U.S.C. section 4082. Therefore, this court has no power to order the petitioner transferred to a federal place of incarceration, nor does the court have the power to say that a state prison is an acceptable location to serve his federal sentence as the petitioner requests as an alternative form of relief. Under *United States v. Janiec,* 505 F.2d 983 (2d Cir.1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1332, 43 L.Ed.2d 427 (1975), the court reasoned that since the federal court has no authority to designate a place of confinement, that portion of a sentence which provides that a federal sentence was to be served under the care and custody of state officials was beyond the power of the federal court. *See also, United States v. McIntyre,* 271 F.Supp. 991 (D.C.N.Y.1967), *aff'd,* 396 F.2d 859 (2d Cir.1968), *cert. denied,* 393 U.S. 1054, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969).

Thus, because this court is powerless to order the Attorney General to perform an act which is entirely discretionary, the petitioner's application for a writ of mandamus must be dismissed. However, this ruling does not necessarily represent that the petitioner is not without other possible remedies. Petitioner may be entitled to assert certain rights depending on the nature of the federal detainer lodged against him. However, the original petition for a mandamus writ fails to present any cognizable claim which would entitle petitioner to some form of relief. The court is willing to reconsider petitioner's claims provided they are brought under the appropriate type of action. The court cautions the petitioner, however, to incorporate greater specificity in bringing his amended petition. Additionally, petitioner is requested to file his amended petition in the form of an application for a writ of habeas corpus based on any alleged violation of the petitioner's rights outlined below.

■ The first possible scenario which may entitle the petitioner to some relief arises if the federal detainer lodged against him is grounded on an independent untried indictment. In this situation, the International Agreement on Detainers Act ("IADA") would operate to insure certain procedural safeguards. 18 U.S.C. app. § 2. Specifically, Article III of IADA gives a prisoner incarcerated in one state the right to demand speedy disposition of any *untried* indictment, information or complaint that is the basis of the detainer lodged against him by another state (which includes the federal government). *See, Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Thus, if the detainer is premised on a separate untried federal indictment, the IADA would require speedy disposition of the federal claim, provided the petitioner demanded to have the claim so disposed. Note, this places an affirmative duty on the petitioner to demand immediate trial on the untried indictment. However, before the petitioner can make such a demand, he must establish that the detainer is in fact grounded on an untried federal indictment. This the petitioner has not done. Accordingly, the court can make no ruling on this matter.

■ The second, more tenable, possibility is that the detainer is lodged against the petitioner as a means of revoking his parole. This situation arises most frequently when the petitioner, by way of his conviction of a state crime, violates the terms of his existing probation for a previous federal offense. By lodging a federal detainer with the state institution to which the petitioner is confined, the government secures its right to custody of the petitioner as soon as the state sentenced is served.

This governmental action entitles the petitioner to certain rights which are dictated by 28 C.F.R. section 2.47. Under this section, petitioner is entitled to a review hearing; however, because the IADA does not apply in the context of parole revocations, the petitioner is not necessarily entitled to a *speedy* hearing. The time table outlined in section 2.47 expresses that the hearing is to take place either after two years of state

custody, or upon the petitioner's release to the federal government, which ever is first. 28 C.F.R. § 2.47(b)(1)(i)(A) & (B). However, a hearing under this subsection will not be scheduled for a prisoner in state custody serving a new term for life without possibility of parole. *Id.* Thus, it is crucial that petitioner divulge the nature of his sentence so a determination can be made regarding the existence of any potential right to a hearing.

Since the petitioner has already completed over two years of his state sentence, he is entitled to a probation revocation hearing, provided he has not already had one or is not serving a life sentence without possibility of parole. Accordingly, this court is not in a position to render any decision in this matter until the petitioner establishes that (1) he is entitled to assert one or more of the rights discussed in this order; and (2) the disposition of these rights have not been previously decided.

Based on the foregoing, IT IS HEREBY ORDERED that the petitioner's application for a writ of mandamus is DISMISSED with leave to amend for thirty (30) days so that petitioner may file for a new writ consistent with the standards set forth in this order.