UNITED STATES of America ex rel. Edmund P. JACKSON, Petitioner,

v.

Honorable Harold W. FOLLETTE, as Warden of Green Haven Prison, Stormville, New York, Respondent.

No. 68 Civ. 888.

United States District Court
S. D. New York.

April 18, 1968.

Richard H. Troy, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Mortimer Sattler, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, serving concurrent sentences of eight and a half to ten years for felonious sales of narcotics,[1] imposed as a second offender under a judgment of conviction entered upon a jury verdict in the Supreme Court, Bronx County, seeks his release under a federal writ of habeas corpus. He charges that the judgment of conviction is constitutionally void in that he was denied (1) a reasonable opportunity to obtain counsel of his own choice; (2) effective representation by assigned counsel, and (3) the right to conduct his own defense. While in some respects these alleged violations of constitutional rights are contradictory,[2] analysis of the state record establishes that each asserted ground is without substance.

Petitioner was indicted on May 3, 1965. He was arraigned on May 6; since he was without funds to engage an attorney, the court assigned one, who immediately conferred with petitioner. The matter was adjourned to May 15, when assigned counsel again conferred with petitioner. On that day, petitioner sought an adjournment to enable him to engage his own attorney. His request was granted and the case was adjourned to May 21, both for trial purposes and to

---

1. Former New York State Penal Law, McKinney's Consol.Laws, c. 40, § 1751(1).

2. "Obviously * * * those rights [the right of an accused to act for himself and his right to have a lawyer assigned in his behalf] cannot both be exercised at the same time." United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943), cert. denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083 (1944).

afford him time to obtain his own lawyer. On May 21, the adjourned trial date, no attorney had been privately retained. Court-assigned counsel and the district attorney were ready to proceed, and when jury selection was about to commence, petitioner asked to be heard and, reading from a previously prepared statement, requested the court that he " * * * be relieved of this lawyer at this time because I feel he is not protecting my rights properly. * * * " The jury panel was excused. The alleged basis of petitioner's request for dismissal of the lawyer was that petitioner had not been advised of the particulars of the crime charged in the indictment. This allegation was groundless, since it appeared, and defense counsel so stated to the court, that upon petitioner's arraignment some fifteen days earlier when first assigned, he, the attorney, had obtained from the prosecution and advised the defendant as to all the particulars of the "two buys and the officers, the time, and the exact place where the alleged buys were made." The attorney further stated that at this initial interview he had questioned the petitioner as to where he had been on the days and places so particularized by the prosecution. At the court's direction the details of the charges were repeated to petitioner and pinpointed as to precise time and precise place of purchase. The defendant's sole response was that he did not want to proceed to trial with the court-assigned lawyer. The court noted that although the defendant and his brother had been given more than a reasonable opportunity to obtain his own lawyer, they had failed to do so; that the People had been ready for a long time, and directed the case to proceed with court-appointed counsel. A prosecution witness testified to direct narcotics transactions with petitioner, and two surveillance witnesses corroborated his presence at the place and time of each transaction. The defendant did not testify. After a three-day trial, the jury returned a verdict of guilty.

The petitioner's first charge that he was denied the right to obtain counsel of his own choice is challenged by the record. It demonstrates he was afforded ample and reasonable time to get a lawyer, however unlikely it was that private counsel would or could be engaged in the light of petitioner's indigent status. The court's duty, when it appeared that defendant was indigent, was to protect his constitutional right to the assistance of counsel.[3] This was done upon the defendant's original arraignment. However, the right to counsel having been observed, it may not be manipulated by the defendant to thwart the orderly processes of the due administration of justice and used as a tactic to delay trials.[4] A defendant for whom counsel has been appointed because of indigency must accept such counsel absent a substantial reason for a substitution, or unless he makes it clear he intelligently and knowingly waives his right to counsel and desires to undertake his own defense.[5] A court is not required to dismiss an assigned attorney upon a defendant's mere whimsical demand and certainly not where it is evident that a professed disenchantment with his lawyer is a subterfuge to secure an unwarranted delay in the trial. Here petitioner presented no adequate ground for the designation of another attorney. On the contrary, the record leaves no room to doubt that petitioner's last-minute request for the discharge of his lawyer, made at the threshold of jury selection and written and prepared in advance, was a calculated maneuver to avoid trial. Under all the circumstances,

---

3. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

4. See United States v. Llanes, 374 F.2d 712, 717 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967); United States v. Bentvena, 319 F.2d 916, 936 (2d Cir.), cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States ex rel. Gallo v. Follette, 270 F.Supp. 507, 510–12 (S.D. N.Y.1967).

5. United States v. Gutterman, 147 F.2d 540, 157 A.L.R. 1221 (2d Cir. 1945).

the court was well within its discretion in denying the request for a change of attorney. "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." [6]

■ The petitioner's further charge that the court-appointed counsel failed effectively to represent him is as groundless as the charge that he was denied the right of counsel of his choice. Petitioner has not submitted the slightest evidential matter to support the claim. Entirely apart from the lack of factual allegations, a study of the trial minutes establishes that the court-assigned counsel, experienced in criminal matters, represented petitioner with competence and industry and fully protected his interests. His cross-examination of the state's witnesses was thorough and extensive. For petitioner to charge this lawyer with incompetent representation of him is as unfair as it is baseless.

■ There remains petitioner's final claim that the judgment of conviction is constitutionally invalid because when he stated he wanted to be relieved of the assigned lawyer, the court failed to advise him of his right to defend himself and to dismiss his lawyer. When the court directed the case proceed with court-designated counsel, petitioner did not then, nor at any time during the trial, request that he be permitted to conduct his own defense, and at no time was he prevented from doing so. He had substantial prior court experience and was not unfamiliar with legal procedure. He sat through a three-day trial and fully acquiesced in the continued representation by court-appointed counsel. Indeed, the record shows that several times during the cross-examination of state's wit-

nesses, defense counsel conferred with petitioner. It is abundantly clear that once the maneuver to delay the trial by a last-minute request for a change of counsel failed, the petitioner willingly accepted the services of counsel. The situation here presented is similar to that commented upon by Judge A. N. Hand:

"* * * [W]hen [the defendant] found that he could not procure another assignment, he availed himself of the services of the excellent lawyer appointed by the court and relied on his objections to counsel in order to upset a verdict though based on overwhelming proof of guilt." [7]

But entirely apart from defendant's acquiescence in continued representation upon the trial of court-appointed counsel, his failure to request that he act as his own lawyer forecloses his claim. Our Court of Appeals has spoken directly on this subject:

"Regardless of whether he has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right. [citing cases.] If an unequivocal request were not required, convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel. [citing cases." [8]

Finally, even assuming, contrary to the foregoing, that it was an error of constitutional proportion for the court not to have advised defendant that he had the right to act as his own counsel, a reading of the trial record shows beyond a reasonable doubt—indeed beyond any reasonable doubt—that it was harmless error.[9] The record indicates, as already

6. United States v. Llanes, 374 F.2d 712, 717 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967).

7. United States v. Gutterman, 147 F.2d 540, 542, 157 A.L.R. 1221 (2d Cir. 1945).

8. United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15–16 (2d Cir. 1965), cert. denied, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966). See also United

States v. Clausell, 389 F.2d 34 (2d Cir. 1968).

9. Chapman v. State of California, 386 U.S. 18, 21–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Cf. United States v. Cantor, 217 F.2d 536 (2d Cir. 1954); United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943), cert. denied, 321 U.S. 794, 64 S. Ct. 785, 88 L.Ed. 1083 (1944).

observed, that the defendant had the services of an able, devoted and resourceful lawyer who protected his right to a fundamentally fair trial.

The petition is dismissed.