UNITED STATES of America ex rel.
Edmund P. JACKSON, Petitioner-
Appellant,

v.

Honorable Harold W. FOLLETTE, as
Warden of Green Haven Prison, Storm-
ville, New York, Respondent-Appellee.

No. 201, Docket 33214.

United States Court of Appeals,
Second Circuit.

Argued Nov. 5, 1969.

Decided April 30, 1970.

Richard H. Troy, New York City, for
appellant.

Mortimer Sattler, Asst. Atty. Gen.,
Samuel A. Hirshowitz, First Asst. Atty.

Gen., Louis J. Lefkowitz, Atty. Gen. of New York, for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant Jackson appeals the dismissal without an evidentiary hearing of his petition for a writ of habeas corpus presented to Judge Weinfeld of the United States District Court for the Southern District of New York. The thorough opinion of the district judge, written after a careful and exhaustive analysis of the state court record, appears in 282 F. Supp. 993 (S.D.N.Y.1968).

Jackson is presently incarcerated in Green Haven Prison, Stormville, New York, where he is serving concurrent sentences of eight and one half to ten years as a second felony offender pursuant to a judgment of conviction after a jury trial in the Supreme Court of the State of New York for felonious sales of narcotics. The conviction was affirmed by the Appellate Division, First Judicial Department, People v. Jackson, 24 A.D. 2d 555, 260 N.Y.S.2d 827 (1966), and by the Court of Appeals, 17 N.Y.2d 817 (1966). By his petition Jackson sought to have his state court conviction set aside on the ground that it was obtained in violation of the rights secured to him by the Sixth Amendment to the United States Constitution.

The principal issue raised by appellant is whether he was denied the right to represent himself at his trial in the state court proceeding because the court failed to inform him that, if he did not wish to proceed with his court-appointed attorney, he could conduct his own defense.[1]

At his arraignment on May 6, 1965 it appeared that Jackson was indigent and Legal Aid Society counsel was assigned to represent him. The case was adjourned to May 15 for further proceedings. On that day Jackson asked for time within which to retain an attorney of his own choosing and a one week's adjournment was granted. When the case was called for trial on May 21, Legal Aid attorney and People's attorney were ready to proceed. No other counsel had been retained, and when the jury was about to be selected Jackson informed the court that he did not wish to proceed to trial with his assigned counsel. The pertinent colloquy is quoted in the margin.[2] The learned and experienced dis-

---

1. Appellant also argues in this court that he was denied a fair opportunity to avail himself of his right to obtain counsel of his own choice and, too, was denied his right to the effective assistance of counsel. We need not discuss these issues in detail as they are adequately resolved by the court below, 282 F.Supp. at 995–996.

2. The following occurred out of the hearing of the jury panel:

> The Defendant: Let the record show Your Honor I would like to be relieved of this lawyer at this time because I feel he is not protecting my rights properly. The District Attorney stated he has Bill of Particulars and all pretrial statements. He has not yet shown them to me in order that I might present myself for trial. I don't yet know who accuses me and what time I was to have had it, when he says I was to have had it and this morning in the presence of the Clerk, the District Attorney was furnished with the Bill of Particulars.

> The Court: The District Attorney furnished the Bill of Particulars to your attorney. He has it.

> The Defendant: I asked for it but he hasn't shown it to me.

> The Court: It's right there. Take a look at it.

> Mr. Curley [defendant's appointed counsel]: Your Honor, all the particulars involved that I know of were two different buys of heroin in this case. I interviewed this defendant the first time he was arraigned in Part 12, and all the particulars involved were two buys, and the officers, the time, and the exact place where the alleged buys were made. When I first spoke to this defendant I told him he was indicted by the Grand Jury of Bronx County on a charge of two sales of narcotics and the accuser being the Grand Jury of Bronx County. I informed him of that fact when I interviewed him on the 6th [sic May?] of April, up in the detention pen.

> The Court: All right Mr. Jackson is there anything you want to say?

trict judge below was satisfied from his reading of the state court record that appellant's request was not a good faith request but was interjected solely for the purpose of delay and "was a calculated maneuver to avoid trial." *Supra* at 995. From our study of the record we reach the same determination, but irrespective of whether appellant's motive was to delay the trial,[3] we agree with the judge below that appellant's rights were not violated by the state trial judge's action in this case. Standing by itself, Jackson's prepared request "to be relieved of [his] lawyer" was equivocal; he did not indicate whether he wanted to be assigned another attorney or would accept another, or whether he wished further time to retain one, or whether he desired to conduct his own defense. Of course if Jackson meant by his request that he be relieved of his Legal Aid Society lawyer and that he would rather proceed without the assistance of any counsel, he was entitled to so proceed, regardless of the reasons for his disenchantment with assigned counsel.

■■ If an unequivocal request to proceed *pro se* is made prior to trial this right was made clear in United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15–16 (2 Cir. 1965), and cases cited. On the other hand, if Jackson meant by his request that he wished more time to find an attorney of his own choice, the judge was certainly justified in denying him a further delay, for ample time had already been granted, and no reason was proffered and none was apparent as to how additional time would enable the indigent defendant to succeed in retaining the services of an attorney. That a defendant has marginal financial means is a factor that weighs in favor of granting him additional time, but when it appears that a continuance would be futile and the accused fails to inform the court or indicate in some way that he will make reasonable efforts to retain an attorney and that he has some chance of doing so, the judge is not obligated to interrupt the orderly disposition of cases on the court's docket. See United States ex rel. Davis v. McMann, 386 F.2d 611, 618–620 (2 Cir. 1967), cert. denied, 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153 (1968), and cases cited. Here, Jackson failed to enlighten the court as to his motives and reasons beyond making it known that he wished to be relieved of present counsel because allegedly dissatisfied with him. See note 2, *supra*.

The court was also justified in not appointing another attorney for Jackson,

> The Defendant: As I was saying I don't know what time I was to have made the sales or anything pertaining to my trial—
> The Court: Well your attorney will give you that information right now.
> The Defendant: —So I feel I cannot proceed any further with him.
> The Court: Give him that information.
> Mr. Curley: Yes, Your Honor.
> \* \* \* \* \*
> [Mr. Curley states the information.]
> The Court: Anything else you want to say?
> The Defendant: I told him I don't want to proceed to trial with him.
> The Court: Well you haven't been able to obtain your own lawyer, and the Court has given you more than a reasonable opportunity to obtain one. Now we can't just leave you say every day that you want another lawyer. You'll have to proceed to trial. The People have been ready a long time and you

> knew this was coming on, why your brother was here the last time to see that you get a lawyer and your brother didn't even show up today. Isn't that correct?
> Mr. Blatt: If it pleases Your Honor—
> The Court: Isn't that correct Mr. Jackson?
> The Defendant: Yes, sir.

3. Of course there can be cases where, for intangible reasons unrelated to a motive to delay trial or to disrupt judicial proceedings where a defendant may not wish to be represented at his criminal trial by a particular court-appointed attorney. In such a case, it is understandable that the defendant may prefer to represent himself rather than to proceed with a counsel that he cannot get along with, mistrusts, or in whom he lacks confidence. That a defendant may harbor such feelings toward an appointed counsel does not necessarily indicate the defendant's bad faith.

for there was no reasonable basis to grant such a request even if one had been unquivocally made. United States v. Llanes, 374 F.2d 712, 717 (2 Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967), and cases cited. We agree with the court below that Jackson's alleged reason for requesting he be relieved of assigned counsel was "groundless," 282 F.Supp. at 995 and note 2 *supra*. As stated in Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed. 2d 921 (1964):

> There are no mechanical tests for deciding when a denial of a continuance [to obtain counsel] is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied.* (Emphasis added.)

The state trial judge properly concluded that Jackson had no true desire to represent himself. His ambiguous request to have his assigned counsel dismissed must be read in light of Jackson's desire made the week previous that he wished to engage the services of his own attorney. The judge would naturally understand that this was still Jackson's aim. Moreover, Jackson did nothing in any way to dispel that understanding,[4] and, in light of the transparent ground for Jackson's request at trial, the judge quite justifiably ordered the defendant to proceed with his court-appointed lawyer.

Although we recognize that it might be desirable for a trial judge to spell out to a defendant who for any reason does not wish to be represented by court-appointed counsel that the Constitution permits him to conduct his own defense, we do not hold here that, under the circumstances of this case, a failure to so inform reached the level of a denial of due process.

The court is grateful to Richard H. Troy, Esq. of the New York City bar, assigned by us to carry forward the appeal on behalf of appellant, for a most able presentation.

The dismissal of the petition by the district court is affirmed.

---

4. See the latter portion of note 2 *supra*.