Carl N. **HENRY** et al., Plaintiffs,

v.

**STATE OF DELAWARE** et al., Defendants.

Misc. No. 134.

United States District Court, D. Delaware, Wilmington Division.

Dec. 18, 1973.

Carl N. Henry, Lester A. Johnson, Thomas P. Le Grande, Ronald T. Payne and Gary F. Watson, pro se.

## MEMORANDUM OPINION AND ORDER

LATCHUM, Chief Judge.

The plaintiffs are prisoners held in custody by the State of Delaware who have petitioned this Court to proceed *in forma pauperis* on a *pro se* complaint which alleges violations of Section 1979 of the Civil Rights Act of 1871, 42 U.S. C. § 1983.

The plaintiffs, who are scheduled to begin trial on state criminal charges on January 7, 1974, seek to have this Court appoint out-of-state counsel in place of the attorneys already appointed by the State Superior Court to defend them against the state criminal charges or, in the alternative, seek a change of venue to Federal Court on the state charges.

The question initially before the Court is whether to allow the plaintiffs to proceed *in forma pauperis*. The Court of Appeals for the Third Circuit has held that in *pro se* cases the right to proceed *in forma pauperis* under 28 U.S.C. § 1915 should generally be granted where there is no plain lack of merit and the required affidavit of poverty is properly filed. Lockhart v. D'urso, 408 F.2d 354, 355 (C.A. 3, 1969). Plain lack of merit is present where it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Since the plaintiffs have filed the required affidavit of poverty, the only remaining question is whether there is a plain lack of merit to the complaint.

Dealing with the allegations of the complaint, the plaintiffs first claim that they have been denied counsel of their choice. A court has no obligation to keep obtaining counsel for an indigent defendant until he is satisfied. United States v. Rundle, 230 F.Supp. 323 (E.D. Pa. 1964), aff'd, 341 F.2d 303 (C.A. 3, 1965), cert. den., 381 U.S. 944, 85 S.Ct. 1783, 14 L.Ed.2d 707 (1965); United States v. Maroney, 220 F.Supp. 801 (W.D. Pa. 1963). In such instances the indigent defendant must accept the appointed counsel absent a substantial reason for substitution. United States v. Burkeen, 355 F.2d 241 (C.A. 6, 1966), cert. den., 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966); Conroy v. United States 296 F.Supp. 693 (N.D. Okl. 1969); United States v. Follette, 282 F. Supp. 993 (S.D. N.Y. 1968), aff'd, 425 F.2d 257 (C.A. 2, 1970). Even construing the complaint in the light most favorable to the plaintiffs, the sole ground asserted as justification for substituting attorneys is that all of the appointed attorneys and in fact "all" members of the Delaware Bar are biased because of certain remarks allegedly made concerning

the guilt of the plaintiffs by the late Chief Justice of the Delaware Supreme Court. The Court regards a broad charge of bias against every member of the Delaware Bar as patently frivolous.

■■ The plaintiffs also claim that their appointed attorneys have been negligent in assisting them in obtaining a court order to consult and confer with their wives through visitation privileges. In answer to this charge, the Court notes that the duty of a lawyer appointed for an indigent defendant is to defend him against the pending charges, not to arrange visitation rights. Moreover, there is no federal constitutional or statutory right to visitation privileges, Cf. Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (C.A. 3, 1969), cert. den., 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969), so this claim is not a right cognizable under 42 U.S.C. § 1983.

■■ Turning to the relief sought by the complaint, the Court lacks the power to order a change of venue of a state criminal proceeding to Federal Court. With respect to ordering the state to appoint out-of-state counsel to defend the plaintiffs, the Court lacks any such power.

■ In any event an order to substitute counsel would unduly interfere with an ongoing state criminal proceeding since Superior Court Judge O'Hara appointed the five attorneys now serving as counsel for the plaintiffs. The United States Supreme Court has made it clear that a Federal Court may only interfere in a pending state criminal proceeding under a narrow class of circumstances, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), where irreparable injury is "both great and immediate", 401 U.S. at 46, 91 S.Ct. at 746, where the state law is "flagrantly and patently violative of express constitutional prohibitions", 401 U.S. at 53, 91 S.Ct. at 755, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." 401 U.S. at 54, 91 S.Ct. at 755.

Since none of the allegations of the complaint falls within the Younger v. Harris exceptions, no matter how liberally the complaint is construed, there is clearly no legal bases upon which the Court could grant the relief sought.

The Court thus concludes that the complaint plainly lacks merit and that beyond doubt the plaintiffs can prove no set of facts under the complaint entitling them to the relief sought. Accordingly, the plaintiffs' petition to proceed in forma pauperis will be denied.

### ORDER

For the foregoing reasons, the plaintiffs' petition to proceed in forma pauperis is hereby denied, but the Clerk may make an appropriate record of this matter.