David Lewis **FEAZELL**, Petitioner,

v.

**AUGUSTA COUNTY JAIL** et al.,
**Respondents.**

Civ. A. No. 75-0044(H).

United States District Court,
W. D. Virginia,
Harrisonburg Division.

June 25, 1975.

David Lewis Feazell, pro se.

Harrison May, Commonwealth's Atty., Staunton, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

David Lewis Feazell, petitioner, has filed a *pro se* complaint against the Augusta County Jail. Initially the case was filed in the United States District Court for the Eastern District of Virginia, but was ordered transferred to this district court. Petitioner was allowed to proceed *in forma pauperis* and his complaint was treated as an action arising under 42 U.S.C. § 1983. Jurisdiction is conferred upon the court by virtue of 28 U.S.C. § 1343.

Petitioner is currently an inmate at the Augusta County Jail and has brought this action based upon alleged constitutional deprivations he has suffered while incarcerated at the jail. He makes several allegations:

1) inadequate medical treatment;

2) mentally disturbed cellmate;

3) harassment;

4) unstable and unsanitary food;

5) outdated visiting privileges;

6) denial of personal hygiene matters.

Respondents Edward Gordon and Denton A. Altizer have filed a motion to dismiss attaching a joint affidavit.

In support of allegation #1 petitioner states that he has had an ear infection for some time and has waited as long as two to three weeks to see a physician. When finally examined by the doctor, who recommended medicine, it took one and a half weeks to receive the medicine. While a prisoner is entitled to reasonable medical care, *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969), he cannot determine questions of medical judgment. Respondents Edward Gordon and Denton A. Altizer in their joint affidavit state that they "believe Dr. Moore [the prison physician] provides adequate medical attention to prisoners." After examining the essence of petitioner's allegation, the court, (while noting that in certain emergency situations the delay herein alleged could cause serious harm and constitute improper medical care) holds that in the factual context of petitioner's claim no harm has been alleged. Therefore, the court holds that petitioner has not alleged a claim upon which relief may be granted.

Petitioner's second allegation concerns his cellmate who allegedly washes his feet in the toilet and then proceeds to drink from the same toilet. This allegation does not merit consideration as no deprivation of a constitutional magnitude has been alleged. While the cellmate's alleged habits may be revolting to petitioner, they do not give rise to a federal claim under 42 U.S.C. § 1983.

Petitioner's third allegation is a generalized assertion of harassment by jail officials but contains no factual support and no specific incidents have been alleged. Such generalized allegations as herein pleaded cannot give rise to a claim upon which relief may be granted and therefore will be dismissed.

In his fourth allegation petitioner complains that he has found hair and excessive amount of grease in his food and the personnel who prepare the food are known "winos". Respondents deny this claim and by affidavit aver that "the food is wholesome and properly prepared and is adequate in quantity and quality." A prison is only required to provide balanced meals with enough nutritional value to create a healthy diet. The fact that petitioner's taste may be offended by the manner the food is prepared is not a matter for a federal court to consider unless a health hazard is thusly created. In the present allegation nothing has been alleged which demonstrates any health hazard, and therefore this allegation will be dismissed as failing to state a claim upon which relief may be granted.

Petitioner's fifth allegation relates to visiting privileges which petitioner considers outmoded. Visiting privileges are properly within the determination of internal prison considerations and are not generally supervised by a federal court. Only if rules relating to visitation are applied in a discriminating manner or unduly interfere with the attorney-client relationship, would federal court intervention be appropriate. In this allegation petitioner was not allowed to receive a visit from his girlfriend, and such a matter is properly left within the sphere of internal prison management and this court will not intervene in this internal concern. Therefore, this allegation will be dismissed as it does not present a federal claim.

Finally, petitioner alleges that he has been denied items of personal hygiene, although admitting that he is provided with a razor and soap. He further complains that he is not provided with recreation nor exercise and the ventilation in the cellblock is poor. Respondents aver that "[p]ersonal hygiene items are furnished as needed [and] [e]xercise may be obtained by walking, doing exercises, and doing maintenance and clean up chores. Windows are opened (sic) in warm weather." While the services and facilities of the Augusta County Jail may not be the most modern and comfortable, nothing herein alleged indicates any deprivation of significant rights.

Therefore the court holds that none of the above allegations contain claims upon

**408**

which relief may be granted. Accordingly, the complaint is ordered dismissed and stricken from the docket. The petitioner is advised that he may appeal the judgment of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this district court within 30 days.