Troy M. FENNELL, Plaintiff,

v.

Norman CARLSON, Director of the Federal Bureau of Prisons, C. L. Benson, Regional Director of the Federal Bureau of Prisons, T. M. Keohane, Warden, Federal Correctional Institution, El Reno, Oklahoma, Douglas Lansing, Associate Warden, Federal Correctional Institution, El Reno, Oklahoma, Bill Cunningham, Unit Manager for the Drug Abuse Unit at the F.C.I., El Reno, Oklahoma, Pat Riordan, Case Manager for the Drug Abuse Unit at the F.C.I., El Reno, Oklahoma, Bill Elkins, Case Manager for the Drug Abuse Unit at the F.C.I., El Reno, Oklahoma, Defendants.

No. CIV–78–01190–D.

United States District Court,
W. D. Oklahoma.

Nov. 9, 1978.

Troy M. Fennell, pro se.

Larry D. Patton, U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The Court has examined the Complaint together with the Motion for Leave to Proceed in Forma Pauperis and required affidavit presented to the Clerk of this Court by the above-named Plaintiff. Plaintiff, who is presently confined in the Federal Correctional Institution at Lompoc, California, brings suit in this Court charging that while he was an inmate at the Federal Correctional Institution at El Reno, Oklahoma, the above-named Defendants violated the constitutional rights of Plaintiff and John Hennan when they removed Hennan from Plaintiff's official visiting list and refused to place Hennan back on said list. Plaintiff seeks herein a declaratory judgment, injunctive relief, monetary relief and an order from the Court directing Defendants to transfer Plaintiff to a prison facility closer to his home. He asserts that this Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1361.

As grounds for relief Plaintiff alleges:
(1) "Defendants and their agents by denying plaintiff the right to due process proceeding violates his right to

due process secured him by the Fifth Amendment of the United States Constitution."

(2) "Defendants and their agents by denying plaintiffs rights to due process also denied Mr. Hennans rifgts [sic] to due process secured him by the United States Constitution."

(3) "Defendants and their agents by denying plaintiffs request to replace Mr. Hemman [sic] back on his visiting list, also violates plaintiffs right to freely associate and exspress [sic] himself with persons of his own choosing secured him by the First Amendment of the constitution."

(4) "Defendants and their agents by denying plaintiffs rights to free association denies Mr. Hennans right to feely [sic] associate with the plaintiff. This violates his right secured him by the First Amendment of the Constitution."

Plaintiff also complains that he "has been transfered [sic] to a more punative [sic] institution, against policy stating that inmates should be sent as [close] to home as posible [sic]."

Upon examination of Plaintiff's Complaint, the Court finds and concludes that said Complaint must be dismissed as it, even when read liberally, fails to allege facts sufficient to provide the Court with jurisdiction of Plaintiff's action under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361.

### 28 U.S.C. § 1331

■ For suits against federal officials for redress of constitutional deprivation brought under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), jurisdiction lies under 28 U.S.C. § 1331, which provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

Federal courts have the power under § 1331 to award damages for infringements by federal officials of constitutionally protected interests. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra; McDonald v. Illinois*, 557 F.2d 596 (Seventh Cir. 1977), *cert. denied*, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); *United States ex rel. Moore v. Koelzer*, 457 F.2d 892 (Third Cir. 1972).

Plaintiff alleges herein that the actions of the El Reno prison officials in removing Hennan from Plaintiff's official visiting list without a prior hearing violates Plaintiff's and Hennan's rights to due process under the Fifth Amendment and their rights to free association under the First Amendment.

■ Plaintiff does not have standing to sue for the alleged violations of Hennan's constitutional rights by Defendants. A litigant may only assert his own constitutional rights. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). One cannot sue for the deprivation of another's civil rights. *See Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315 (D.N.J.1978).

■ In determining whether the due process clause under the Fifth Amendment to the Constitution is applicable to this case, a two part standard may be employed. First, whether a life, liberty or property interest within the meaning of the due process clause is implicated in the case. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Second, if such an interest is present, what process must be granted before the prisoner can be deprived of the protected interest. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90

S.Ct. 1011, 25 L.Ed.2d 287 (1970). A cause of action for violation of due process rights is not stated unless the loss involves a specific liberty interest protected by the due process clause. *Walker v. Hughes*, 558 F.2d 1247 (Sixth Cir. 1977).

▉ Upon the initial inquiry as to whether the Plaintiff possessed any Fifth Amendment liberty or property interest, the Court finds that Plaintiff has no constitutionally protected liberty or property interest in the right to visitation from Hennan. There is no constitutional right to prison visitation, either for prisoners or visitors. *McCray v. Sullivan*, 509 F.2d 1332 (Fifth Cir. 1975), *cert. denied*, 423 U.S. 859, 96 S.Ct. 114, 4 L.Ed.2d 86 (1975); *Walker v. Pate*, 356 F.2d 502 (Seventh Cir. 1966), *cert. denied*, 384 U.S. 966, 86 S.Ct. 1598, 16 L.Ed.2d 678 (1966); *White v. Keller*, 438 F.Supp. 110 (D.Md.1977); *Feazell v. Augusta County Jail*, 401 F.Supp. 405 (W.D.Va. 1975); *see Newman v. Alabama*, 559 F.2d 283 (Fifth Cir. 1977). A constitutional challenge asserting a right to visitation fails to state a claim upon which relief can be granted. *McCray v. Sullivan, supra; Walker v. Pate, supra; Feazell v. Augusta County Jail, supra; Henry v. Delaware*, 368 F.Supp. 286 (D.Del.1973). Visiting procedure matters are within the scope of prison discipline and security, and as such are subject to the broad discretion of prison officials. *E. g., Newman v. Alabama, supra; McCray v. Sullivan, supra; Bono v. Saxbe*, 450 F.Supp. 934 (E.D.Ill.1978); *Louis v. Ward*, 444 F.Supp. 1107 (S.D.N.Y.1978); *Hamilton v. Saxbe*, 428 F.Supp. 1101 (N.D. Ga.1976); *Farmer v. Loving*, 392 F.Supp. 27 (W.D.Va.1975); *Henry v. Delaware*, 368 F.Supp. 286 (D.Del.1973). *See also, Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

▉ Plaintiff cannot base any right to prison visitation on his constitutional right to freedom of association under the First Amendment. Whatever right an individual has to associate physically in free society may be curtailed upon conviction for violation of the criminal laws. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). The Supreme Court of the United States has noted:

> [It is a] familiar proposition that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit First amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law.

*Pell v. Procunier, supra*, 417 U.S. at 822, 94 S.Ct. at 2804 (citations omitted).

> Perhaps the most obvious of the First Amendment rights that are necessarily curtailed by confinement are those associational rights that the First Amendment protects outside of prison walls. The concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside of the penal institution.

*Jones v. North Carolina Prisoners' Labor Union, Inc., supra*, 433 U.S. at 126, 97 S.Ct. at 2538.

▉ Freedom of physical association is inconsistent with an incarcerative penal system. Prisoners have no associational right to receive visitors. This right is lost in accordance with due process at the time of criminal judgment. *White v. Keller, supra*, 438 F.Supp. at 117.

▉ As the Plaintiff does not have a constitutional right to prison visitation, and thus lacks a liberty or property interest, as a constitutional matter, in such visitation, he need not be afforded due process in conjunction with the limitation of visitation

by the El Reno prison officials.[1] *See, e. g., White v. Keller, supra,* 438 F.Supp. at 120.

 With regard to Plaintiff's claim for a transfer, federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to transfer to other prisons. Under 18 U.S.C. § 4042, the Bureau of Prisons is invested with the responsibility of management and regulation of the federal prison system. Under 18 U.S.C. § 4082(b), the Attorney General of the United States has the exclusive authority to transfer federal prisoners. *Lawrence v. Willingham,* 373 F.2d 731 (Tenth Cir. 1967). The action of the Attorney General in designating Plaintiff's place of confinement is not reviewable by the Court. *Duvall v. Willingham,* 390 F.2d 203 (Tenth Cir. 1968). This Court will not undertake to supervise or superintend the administration of federal prisons. *Cannon v. Willingham,* 358 F.2d 719 (Tenth Cir. 1966).

In view of the foregoing, the Court finds and concludes that Plaintiff's assertion that this Court has jurisdiction herein under 28 U.S.C. § 1331 is without color of merit. As it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief under § 1331, Plaintiff's claim under that statute should be dismissed for failure to state a claim. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### 28 U.S.C. § 1361

 Plaintiff also seeks relief herein under 28 U.S.C. § 1361, which provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Mandamus relief under § 1361 is appropriate only when the person seeking such relief shows a duty owed to him by the government official to whom the writ is directed that is ministerial, clearly defined and preemptory. *Schulke v. United States,* 544 F.2d 453 (Tenth Cir. 1976); *Scarafiotti v. Shea,* 456 F.2d 1052 (Tenth Cir. 1972). In view of the Court's determination with regard to Plaintiff's § 1331 claim, the Court finds that Plaintiff in this action can prove no set of facts in support of his claim which would entitle him to mandamus relief under § 1361. Accordingly, Plaintiff's claim under 28 U.S.C. § 1361 should be dismissed for failure to state a claim.

As the Plaintiff's motion to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C. § 1915(a) leave to proceed in forma pauperis is granted and the Clerk of this Court is directed to file the instant case. The Complaint will then be dismissed for the reason that it is palpably lacking in merit and the Court is satisfied that the Plaintiff can prove no set of facts in support thereof which would entitle him to relief.

It is so ordered this 9th day of November, 1978.

---

1. Moreover, an examination of the exhibits attached to Plaintiff's Complaint reveals that the El Reno prison officials removed Hennan from Plaintiff's official visiting list in furtherance of a legitimate governmental interest and in a manner not burdensome on Plaintiff's rights. The prison officials afforded Plaintiff adequate procedural safeguards as they provided him with meaningful written responses to his requests and gave him an opportunity to seek review of the denial of such requests from an officer other than the one who initially denied the request. *See generally, Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).