

Willis L. Grove, in pro. per.

George F. Kugler, Jr., Atty. Gen., Dept. of Law and Public Safety, Trenton, N. J. (Stephen Skillman, Asst. Atty. Gen., of counsel, Malcolm S. Zlotkin, Deputy Atty. Gen., on the brief), for appellee.

Before SEITZ, ALDISERT and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

George HANVEY, Appellant

v.

Warren PINTO, Superintendent of the New Jersey State Prison Farm et al.

No. 19168.

United States Court of Appeals, Third Circuit.

Submitted on Briefs March 19, 1971.

Decided May 7, 1971.

clude that the transfer of an inmate of a state prison from one wing to another and the consequent change of prison jobs involved any federally protected rights. Discipline reasonably maintained in state prisons is not under the supervision of federal courts unless such actions are so severe as to require constitutional protections. Ford v. Board of Managers of N. J. State Prison, 407 F.2d 937 (3d Cir. 1969); Gurczynski v. Yeager, 339 F.2d 884 (3d Cir. 1964). In addition, the alleged denial of good time credit as evidenced in this case is a far cry from those "cruel" and "inhuman" acts which cross the imaginary line from permitted to prohibited types of prison discipline. See, Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969); Wright v. McMann, 387 F. 2d 519 (2d Cir. 1967).

The order of the district court dismissing the appellant's action will be affirmed.

George Hanvey, pro se.

George F. Kugler, Jr., Atty. Gen. of New Jersey, by Joseph T. Maloney, Deputy Atty. Gen., Trenton, N. J., for appellees.

Before BIGGS and KALODNER, Circuit Judges and WHIPPLE, District Judge.

## OPINION OF THE COURT

PER CURIAM:

The appellant appeals from the dismissal of his complaint by the district judge who found the action failed to state a claim upon which relief can be granted. At the time the action was dismissed Hanvey was a prisoner at the New Jersey State Prison at Rahway. The complaint is brought under the provisions of 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 and it seeks to remedy the alleged arbitrary and unconstitutional withholding of good time credits by prison officials who transferred Hanvey from one prison job to another, which afforded him less of an opportunity to earn good time credits.

While it is essential to prove in any action brought under 42 U.S.C. § 1983 that federally protected rights have been violated, this court cannot con-