**Robert Oliver PATTERSON**

v.

**Gilbert WALTERS, Superintendent, State Correctional Institution at Pittsburgh, et al.**

Civ. A. No. 72–1123.

United States District Court,
W. D. Pennsylvania.

July 19, 1973.

up to Huntingdon for what was listed as court. But got no further than the maximum security wing at the Huntingdon State Correctional Institution. My Public Defender attorney did not feel like driving down here to Pittsburgh, so he just has me put in the prison near to Huntingdon. then he comes over to the institution, talks to me for 5 or 10 min's. then I'm put back in maximum security until the prison can return back to Pittsburgh. (3) On each day that Plaintiff was away from the Western State Correctional Institution, he did lose his days wages and was making 50¢ a day for 7 days a week. (4) Plaintiff is at the present time confined to solitary confinement. (5) Plaintiff was in population between transfers back and forth to the Huntingdon State Correctional Institution. And Plaintiff is in good standing and has a good record. (6) Up until Dec 5th Plaintiff has been in solitary confinement 76 days and as of yet has received no Institutional Hearing. nor at the Huntingdon Institution or the Western State Institution and has been an inmate here since Oct 28th 1971." (Sic) (Errors part of original handwritten complaint.)

Patterson further alleges that his visitation rights from his wife have been restricted and he has been shown "nothing but racial bias." Plaintiff seeks his lost prison wages and also judgment against the defendants for deprivation of his "rights, privileges and immunities secured by the constitution and law" in the amount of $1,000.

Defendants filed a motion for summary judgment along with affidavits and exhibits in support of their motion.

To provide some type of consistency, we will consider the plaintiff's allegations in the order that he has presented them.

■■ Plaintiff's first allegation concerning his being held in Pittsburgh fails to state any claim or cause of action upon which relief can be granted. The plaintiff has been transferred from

---

Robert Oliver Patterson, pro se.

Geoffrey P. Wozney, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

SNYDER, District Judge.

Robert Oliver Patterson filed a complaint in forma pauperis under the Civil Rights Act (42 U.S.C. Section 1983) alleging that the above named defendants acting under color of state law did perpetrate numerous unconstitutional acts upon the plaintiff. His principal allegations consist of the following:

"Robert Oliver Patterson. Plaintiff is being held in the Western Plasf. Center, the court case section at Pittsburgh State Correctional Institution waiting to go to court in Huntingdon, Pa. Plaintiff is aslo from the Huntingdon County. (2) On *four* different occasions: Plaintiff was sent back

Pittsburgh and the question is likely moot, but this allegation is broad and °conclusory in nature and is insufficient to state any violation under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343. Plaintiff does not allege that his incarceration was done illegally nor that his imprisonment was in violation of any constitutional right that he might have. *Cf.* Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3d Cir. 1969) cert. denied 396 U.S. 935, 90 S.Ct. 278, 24 L. Ed.2d 234; Marnin v. Pinto, 463 F.2d 583 (3d Cir. 1972). As the Third Circuit stated in Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972) at p. 185:

> "Finally, plaintiffs alleged that their rights to due process guaranteed by the Sixth and Fourteenth Amendments were violated by their transfer to other prisons without hearings or notice of the charges against them. Based on the allegations of the complaint, we find no merit to this argument, since we agree with the district court that a state prisoner has no constitutional right to remain in any particular prison. See Hanvey v. Pinto, 441 F.2d 1154 (3d Cir. 1971); Bundy v. Cannon, 328 F.Supp. 165, 173 (D. Md.1971)."

■ The second allegation that plaintiff makes is that on four different occasions he was called back to Huntingdon for what was listed as court but got no further than the maximum security wing of the prison. The affidavits and exhibits show that plaintiff was transferred to Huntingdon on September 14, 1972, on a temporary basis not to exceed three months at the request of the Huntingdon County Court by Order of Judge Terrizzi for phychiatric examination. (See Exhibits D and E.) From the affidavits and exhibits submitted, we can only conclude that the movements of plaintiff to and from Huntingdon were a normal part of prison procedure.

This second allegation lacks any merit under the Civil Rights Act. The actions of the prison officials were done in good faith and under Order of Court. (See Exhibits D & E.) *Cf.* Jones v. Wade, 338 F.Supp. 441 (W.D.Tex.1972); Burak v. Sprague, 335 F.Supp. 347 (E.D.Pa. 1971).

■ Plaintiff's third contention concerning his loss of wages also has no merit since his commitment and movement to Huntingdon were as a result of a proper and lawful court order.

■ The fourth allegation that he is in solitary confinement is broad and conclusionary in nature and does not allege his confinement was a result of any unlawful activity. Like the first allegation made this, also, can be denied since it fails to state a cause of action for which relief can be granted under the Civil Rights Act. *Cf.* United States ex rel. Pope v. Hendricks, 326 F.Supp. 699 (E.D.Pa.1971); Rhinehart v. Rhay, 314 F.Supp. 81 (W.D.Wash.1970). The facts of this case do not fall within the principles set forth in Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). There is, therefore, no need for a hearing to be held to meet any due process requirements.

The fifth and sixth allegations of plaintiff are also lacking in merit. Since he was in the custody of prison officials and moved to Huntingdon under lawful Order of Court, the actions of the defendants were done in good faith and under Order of Court. From the affidavits and exhibits presented this was mere prison procedure. *Cf.* Gray v. Creamer, *supra.*

■■ Plaintiff's claim that his prison rights have been restricted deserves mention in this memoranda. From the affidavits and exhibits, (See Exhibits A and B) plaintiff's wife gave him some type of narcotic drug when she came to see him on November 15, 1972. Since plaintiff abused his visitation rights and such were limited to him thereafter, he can hardly state that he is "in good standing and has a good record" while in the custody of the Attorney General. The prison officials had good cause to restrict his rights when such were

abused. In Walker v. Pate, 356 F.2d 502 (7th Cir. 1966) a similar allegation regarding the restriction of visitation rights was made. The court held at p. 504:

> "It is apparent that the various complaints of plaintiff are matters within the scope of prison discipline and security. It is well established law in this Circuit, that except under exceptional circumstances, internal matters such as rules and regulations in state prisons, are the sole concern of the states, and that federal courts will not inquire concerning them." (Citations omitted.)

In Thomas v. Brierley, 481 F.2d 660 (3d Cir. 6/29/73) the Third Circuit Court of Appeals in discussing a civil rights complaint based on the denial of visitation rights to the plaintiff which was dismissed by the District Court, held:

> "Such allegations must be liberally construed. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); United States ex rel Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973). A refusal to allow a prisoner visitors because of his race would violate the equal protection clause of the Fourteenth Amendment. *See, e. g.,* Rowland v. Wolff, 336 F.Supp. 257 (D.Neb.1971). And it is conceivable that the denial of visitation privileges without a reasonable justification might amount to cruel and unusual punishment. See Almond v. Kent, 459 F.2d 200, 204 (4th Cir. 1972); United States ex rel. Raymond v. Rundle, 276 F.Supp. 637 (E.D.Pa.1967); Hollen, Emerging Prisoners' Rights, 33 Ohio St.L.J. 1, 64068 (1972). At the minimum, the district court should direct service on the defendants and require the filing of a motion or a responsive pleading to the Complaint. See Haines v. Kerner, *supra*."

This court has met these procedural requirements and has found that reasonable justification did exist for the limitations of this prisoner's visitation rights.

For the above reasons and after due consideration of the pleadings, affidavits and exhibits filed in Civil Action 72–1123, we conclude that plaintiff's motion for summary judgment should be granted. It is our opinion that none of plaintiff's allegations considered separately or together amount to any deprivation of any constitutional right and were merely part of prison procedure and the internal administration of the prisons.

An appropriate order will be entered.