**Earnest Ray UNDERWOOD,**
**Petitioner,**

**v.**

**W. R. LOVING, Superintendent Augusta**
**Correctional Unit, et al.,**
**Respondents.**

**Civ. A. No. 74–C–120–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Feb. 3, 1975.

Stuart Bateman, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

This is a *pro se* prisoner's complaint under 42 U.S.C. § 1983 in which petitioner, Earnest Ray Underwood, alleges that he was deprived of his constitutional right by respondents, all who are employed by the Virginia Department of Corrections. Jurisdiction is conferred upon the court pursuant to 28 U.S.C. § 1343 (3) and (4); the petitioner was allowed to proceed *in forma pauperis* by order of the court dated December 30, 1974. Petitioner seeks $10,000 in damages, mainly punitive.

Petitioner alleges that on December 15, 1974, Miss Kathy Sandys came to visit him at the Augusta Correctional Unit # 10, but was told by respondent Sergeant Crigler that he would not permit the visit because petitioner had been intoxicated previously, although no charge to this effect was ever brought by Sergeant Crigler. Petitioner further states that on several prior occasions Miss Sandys had been permitted to visit with him. He has enclosed an affidavit by another inmate, James Farmer, and a picture which purportedly shows petitioner, Miss Sandys, James Farmer, and Pat Woods, an inmate released before Sergeant Crigler denied petitioner the privilege of visitation with Miss Sandys.

The essence of petitioner's complaint is that Sergeant Crigler abridged his constitutional rights by applying the prison's visitation regulations in a discriminating manner so as to punish petitioner for being intoxicated, a charge which was never brought against petitioner. In support of this complaint James Farmer's affidavit indicates that although the prison does have a visitation list, the prison policy is not to enforce the regulations unless the particular guard "has a beef with you, then you can expect to get hassleed (sic) and treated unequal."

Respondents have filed a motion for summary judgment attaching an affidavit by prison counselor William W. Decuir, an affidavit by Sergeant Crigler, a copy of Division Guide Line No. 819, a copy of petitioner's present visiting list, and a copy of the Adjustment Committee's Action Report.

 Although the weight of authority holds that visitation privileges are matters within the scope of internal prison administration, this does not permit discriminatory application of the regulations. However, absent extraordinary circumstances, internal concerns such as visiting regulations should

be resolved by jail officials. Respondents have enclosed a present visiting list which shows that Miss Sandys is presently on petitioner's approved visiting list. Sergeant Crigler has also filed an affidavit denying that his motivation in not allowing Miss Sandys to visit petitioner was any but his duty to follow Department of Corrections' guidelines. The court does not find it necessary to determine what Sergeant Crigler's exact motivation was on denying Miss Sandys' visit; suffice it to state that since Miss Sandys is now on petitioner's visiting list, that the issue is no longer of a severe enough quality so as to necessitate intervention by a Federal Court into an internal prison concern. The court states unequivocally that any discriminatory application of internal prison regulations is disfavored by the court.

■ Petitioner further alleges that following Sergeant Crigler's denial of Miss Sandys' visit, petitioner demanded an explanation from Sergeant Crigler and petitioner became very upset over Sergeant Crigler's reply. In his own words, petitioner "lost his temper", "slammed a chair into a table," and "cussed" Sergeant Crigler. Soon thereafter Sergeant Crigler brought disciplinary charges against petitioner for threatening to do bodily harm to an officer. During the hearing before the Adjustment Committee, petitioner alleges that Sergeant Crigler gave falsified testimony, the falsity of which the Adjustment Committee allegedly knew. The Adjustment Committee decided that petitioner had threatened Sergeant Crigler with bodily harm and sent petitioner to spend 15 days in isolation. Petitioner's second allegation in short claims that Sergeant Crigler, with the knowledge of the Adjustment Committee, lied about the incident involved.

Petitioner's second allegation is a broad and unsupported claim and one which seems to be partially refuted by petitioner's own pleadings in which he pleads that he "lost his temper", "cussed" at Sergeant Crigler, and "slammed a chair" into a table. Since the Action Report of the Adjustment Committee indicates that the commands of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) were complied with, the court finds no constitutional issue herein involved. It seems apparent that had Sergeant Crigler merely asserted the statements contained in petitioner's pleadings, the Adjustment Committee would have reason to find that petitioner threatened Sergeant Crigler with bodily harm.

■ Finally petitioner alleges that he was not provided with meaningful counsel at the Adjustment Committee hearing and that William W. Decuir would not contact the A.C.L.U. Post-Conviction Office. Mr. Decuir in his affidavit states that he called the A.C.L.U. Post-Conviction Legal Assistance Program at its headquarters in Charlottesville, Virginia, but with no success. Since Wolff v. McDonnell, *supra,* held that even when solitary confinement is at issue before a prison disciplinary committee, due process does not require the presence or right to counsel. Therefore, regardless of whether or not Mr. Decuir refused to help petitioner procure meaningful counsel, he was not deprived of his constitutional rights.

For the above reasons the court grants respondents' motion for summary judgment and accordingly orders petitioner's suit dismissed and stricken from the docket. Petitioner is advised that he may appeal the court's judgment to the United States Court of Appeals for the Fourth Circuit within 30 days.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondents.