Franklin R. Wallace and Patricia B. Wallace, pro se.

Marshall Coleman, Atty. Gen. of Va., Richmond, Va., for respondents.

**Franklin R. WALLACE and Patricia B. Wallace, Petitioners,**

v.

**Terrell Don HUTTO, Individually and as Director of the Virginia Department of Corrections, et al., Respondents.**

Civ. A. No. 78–0285–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 29, 1978.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Petitioners Franklin R. Wallace and Patricia B. Wallace, husband and wife who are imprisoned separately in Virginia at Tazewell Correctional Center, Tazewell, and Women's Correctional Farm, Goochland, have filed this 42 U.S.C. § 1983 action against respondents Terrell D. Hutto, Director of the Department of Corrections, A. F. Downes, Superintendent of the Women's Correctional Center at Goochland, and J. L. Sumner, Captain of Tazewell Correctional Center. Petitioners challenge certain practices of the Virginia Department of Corrections which deny visitation privileges between husband and wife imprisoned in state penal institutions. Respondents have filed a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) and 56(b), supported by an affidavit and copies of certain Department guidelines. Respondents have also filed answers to interrogatories that petitioners sent to respondents. This court considers the matter now ready for disposition.

Petitioners allege that denial of the privilege of visiting each other because they are imprisoned in different penal institutions in Virginia is a violation of their right to due process and equal protection of the laws and that such denial of visitation privileges runs afoul of the First, Fifth, Eighth, and Fourteenth Amendments. Petitioners point out that the Department of Corrections allows women's penal institutions to make appearances at all-male prisons for athletic events and vice versa. Petitioners charge that such athletic events pose higher security risks than would a husband-wife visit. Petitioners say that these visiting regulations are arbitrary and capricious, are designed for the purpose of punishment and causing mental distress, and are a form of cruel and unusual punishment. Petitioners seek certification as a class action under Fed.R.Civ.P. 23 to represent all husband and wife prisoners so situated.

Respondents argue that denial of visitation is necessary from an administrative and security standpoint. Respondents assert that any associational rights that petitioners may have must give way to the legitimate concerns of prison officials. Respondents say that any scheduled interinstitutional athletic events are strictly supervised and not organized or conducted for inmate visitation. Respondents contend that class action certification for these *pro se* petitioners is improper.

■ This court holds that a class action proceeding under Fed.R.Civ.P. 23 is inappropriate in this case. It is plain error to permit an imprisoned litigant, who is unassisted by counsel, to represent fellow inmates in a class action. One or more members of a class may sue as representative parties on behalf of all only if "the representative parties will fairly and adequately protect the interests of the class". Fed.R. Civ.P. 23(a)(4). The competence of a prisoner representing himself is too limited to allow him to represent the rights of others as well. *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975).

■ This court holds that petitioners' substantive claim is not one of constitutional proportions. In *White v. Keller*, 438 F.Supp. 110 (D.Md.1977), the prisoners argued that visiting rights are constitutionally protected and may be restricted only to serve a legitimate and compelling state interest. The *White* court concluded that there is no absolute right to prison visitation and that the weight of authority is that there is no affirmative constitutional right to visitation. *Id.* at 114.

*Underwood v. Loving*, 391 F.Supp. 1214 (W.D.Va.1975), *aff'd in part, rev'd in part* 538 F.2d 325 (4th Cir. 1976), addressed the issue of visitation in the context of a prison official who denied a prisoner his visitation rights because the prisoner had previously been intoxicated, although no formal charge had ever been brought for drunkenness. The court wrote:

"Although the weight of authority holds that visitation privileges are matters within the scope of internal prison administration, this does not permit discriminatory application of the regulations. *However, absent extraordinary circumstances, internal concerns such as visiting regulations should be resolved by jail officials.* Id. at 1215-6. (Emphasis added.)

*See also, Feazell v. Augusta County Jail*, 401 F.Supp. 405, 407 (W.D.Va.1975). Furthermore, there is no constitutional right to physical contact with one's family. *Oxendine v. Williams, supra.*

This court believes that respondents should be granted summary judgment based on their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 56(b). Where respondents' motion is properly supported by affidavits, petitioners may not rest on the mere allegations of their complaint, but must set forth specific facts showing that there is a genuine issue for trial. *Kipps v. Ewell*, 538 F.2d 564 (4th Cir. 1976). Petitioners have failed to show that there is a material issue of fact in this controversy.

Robert M. Landon, Assistant Director for the Division of Institutional Services, states in his affidavit that allowing husband-wife visits between institutions would raise problems of transportation, security, and manpower. Married inmates are scattered throughout the correctional system, and

there are limitations on visiting space. There would be administrative expenses incident to arranging and supervising visits. There are relatively few spouses imprisoned in the system, and it wouldn't be feasible to reorganize visitation policy to accommodate this minority.

Petitioners have failed to allege any facts, beyond mere conclusory charges, which would tend to show that they are being singled out for discriminatory treatment or that the denial of visitation is intended to inflict cruel and unusual punishment. There are no extraordinary circumstances present which would justify federal intervention into what is essentially a matter of prison administration.

Therefore, this court holds that respondents' motion to dismiss should be granted.