**Raymond Dale NEAL, Appellant,**

v.

**Donald CAMPER, Superintendent, Missouri Penitentiary, Respondent.**

**No. WD 33574.**

Missouri Court of Appeals, Western District.

Feb. 22, 1983.

Raymond Dale Neal, pro se.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

Appellant, an inmate of the Missouri State Penitentiary, filed his pro se "Petition for Injunctive Relief" asking that a restriction of visitation with his wife be removed. The trial court sustained respondent's motion to dismiss upon the ground that the petition failed to state a claim for relief.

The petition is inartfully drafted, but on a fair consideration, it sufficiently pleads that appellant's visitation with his wife at the penitentiary was suspended: "On or about October 9, 1981, defendant herein imposed a severe sanction against the plaintiff without affording the plaintiff any procedural due process of law, in that no hearing was held, no right to call witnesses, to confront the accusers, no written violation, and no written findings by the fact finders." Included in the legal file is a copy of a letter from respondent, dated October 9, 1981, addressed to appellant's wife, "Your visiting privileges at Missouri State Penitentiary are being suspended at this time due to an investigation involving the smuggling of drugs into the institution. When this investigation has been completed, a definite decision will be made concerning your visiting privileges."

■ Without doubt respondent and other penitentiary officials have the right, in the interest of security, and the safety and well-being of inmates, reasonably to control visitation inasmuch as § 217.265, RSMo (Supp.1982), provides: "Except as provided in subsections 2 and 3 of this section [relating to entry by state officials and clergymen], no person shall be permitted to enter a division correctional institution except by special permission of the chief administrative officer of the institution, the division director, the department director or under such regulations as they shall prescribe." Although respondent's counsel was requested to supply this court with any regulations in this regard, they have not been forthcoming, this case may proceed to disposition as any pertinent regulations may be considered by the trial court, along with other facts on remand.

■ Respondent first says that appellant has no right to injunctive relief because he

has an adequate remedy at law under 42 U.S.C. § 1983. Apparently respondent contends that appellant is limited to an action at law for damages under that section. It was held, however, in *Gannon v. Action,* 303 F.Supp. 1240 (E.D.Mo.1969), affirmed in part [as to the propriety of injunctive relief], 450 F.2d 1227 (8th Cir.1971), that under § 42 U.S.C. § 1983 that injunctive relief is equally applicable in addition to damages. Note also *Tyler v. Whitehead,* 583 S.W.2d 240 (Mo.App.1979), where injunctive relief was considered, but held to be inappropriate because there was no allegation of any continuing or repetition of respondent's objectionable acts. Here, damages would not accomplish a review of or restoration of appellant's visitation privileges with his wife, which is the sole relief he requested. Injunctive relief is a proper remedy.

The weight of authority appears to be that prisoners have no *absolute* right to visitation. *Lynott v. Henderson,* 610 F.2d 340 (5th Cir.1980); *Fennell v. Carlson,* 466 F.Supp. 56 (W.D.Okla.1978); *Wallace v. Hutto,* 80 F.R.D. 739 (W.D.Va.1978); *White v. Keller,* 438 F.Supp. 110 (D.Md.1977), aff'd 588 F.2d 913 (4th Cir.1978); Palmer, Constitutional Rights of Prisoners, § 3.12 (1973). There are cases to the contrary; *Ramos v. Lamm,* 485 F.Supp. 122 (D.Colo.1979), aff'd in part, set aside in part, 639 F.2d 559 (10th Cir.1981); *Cooper v. Lombard,* 64 A.D.2d 130, 409 N.Y.S.2d 30 (1978); *In re Smith,* 169 Cal.Rptr. 564, 112 Cal.App.3d 956 (1980). It is unnecessary, however, to ground this decision upon a constitutional right to spousal visitation. Rather, it rests upon an issue of a denial of a procedural right to due process of law, as to whether respondent acted reasonably in the light of the facts and the application of its regulations.

It was said further in *White v. Keller,* supra, page 120 [20, 21], " * * * [T]he courts have recognized other sources of protected interests . . . . as an alternative reason why visitation is a liberty or property interest protected by due process. In particular a state may create liberty and property interests by granting certain rights and privileges to its citizens. Where a state purports to confer a significant benefit on an individual and in so doing creates a reasonable expectancy that the benefit will be of a continuing nature, any attempt to deprive the individual of the benefit must be accompanied by due process in order to prevent the arbitrary administration of the laws." In *Valentine v. Englehardt,* 492 F.Supp. 1039 (D.N.J.1980), it was held that visits limited to non-contact visits were reasonable because the jail was ill-suited for them, and there was no evidence that such visits were imposed as punishment, the court saying that the manner in which visits occur and other conditions of confinement were committed to the sound discretion of the executive branch so long as it acts in a reasonable manner. In *Massey v. Wilson,* 484 F.Supp. 1332, 1333 (D.Colo.1980), the court said, "Although 'prison officials must be accorded latitude * * * ' in setting visitation ground rules, they nonetheless must assure that 'reasonable and effective means of communication remain open.' (Citing case.) Since Massey contends that his wife is his only visitor, and that prison officials are asserting, in effect, that visitation is at their whim, it would be inappropriate to dismiss those allegations of his complaint which question the prison's visitation policy." In *Patterson v. Walters,* 363 F.Supp. 486 (W.D.Pa.1973), the court found justification in the reasons for restriction of visitation rights where a husband was found with narcotics after a wife's visit, but noted that the pleading should not be dismissed for failure to state a claim without the requirement of some responsive showing from defendants. See also *Tunnell v. Robinson,* 486 F.Supp. 1265 (W.D.Pa.1980); and *In re Bell,* 168 Cal.Rptr. 100, 110 Cal.App.3d 818 (1980).

It may be that during the considerable length of time elapsing from the date of the alleged revocation of appellant's visiting privileges, that they have been restored. If so, the trial court may consider on remand whether the issue has been rendered moot.

The judgment is reversed and the case is remanded for further proceedings upon the merits of appellant's allegations.

All concur.