976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orrin S. REED, Plaintiff-Appellant,
v.
Linley E. PEARSON, Jack R. Duckworth, Warden, Gordon
Faulkner, et al., Defendants-Appellees.
 No. 91-2628.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 17, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Orrin Scott Reed brought this civil rights action to challenge the conditions of his confinement at the Indiana State Prison (ISP) in Michigan City, Indiana. The district court granted summary judgment for the defendants on all of Reed's claims save one relating to the prison's kitchen and dining facilities. The court referred that claim to a magistrate judge for an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B). Following the hearing, the magistrate judge filed a report recommending issuance of an injunction requiring the prison to maintain its kitchen and dining facilities. The district court, after conducting de novo review, adopted the magistrate judge's report, and this appeal followed.
 
 
 2
 Reed first contends that the district court erred in granting summary judgment for the defendants. We agree with the district court that Reed failed to meet his burden of proof in defending against the summary judgment motion, and therefore affirm its decision for the reasons stated in the attached Memorandum and Order.
 
 
 3
 Reed next contends that the district court abused its discretion in denying his request for appointed counsel pursuant to the factors outlined in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981). Our independent review of these factors leads us to conclude that Reed failed to meet the "high burden" of proving his entitlement to the appointment of counsel. Barnhill v. Doiron, 958 F.2d 200, 202 (7th Cir.1992).
 
 
 4
 Reed also contends that the district court abused its discretion in failing to order the defendants to produce certain documents. Reed, however, did not identify the documents he sought to obtain from the defendants, nor did he file any motion to compel their production. As a result, Reed is unable to establish that the failure of the district court to order the production of documents was an abuse of discretion. Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 182 (7th Cir.1985).
 
 
 5
 Reed further contends that the district court erred in denying his request for a jury trial. The record reveals that Reed waived his right to a trial by jury by failing to make a timely demand for one under Fed.R.Civ.P. 38(b). While a court in its discretion may order a jury trial despite a waiver, Fed.R.Civ.P. 39(b), the district court declined to do so for reasons of judicial economy, and we find no abuse of discretion. Ma v. Community Bank, 686 F.2d 459, 470 (7th Cir.), cert. denied, 459 U.S. 962 (1982).
 
 
 6
 Reed finally contends that the district court erred in refusing to hold the defendants liable in damages for the unsanitary kitchen conditions at the prison. In order to obtain damages, Reed had to show that the defendants acted with "deliberate indifference" in connection with these conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2324-26 (1991). This he failed to do. Consequently, there is no support for a damage award.
 
 
 7
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 Orrin Scott Reed, Plaintiff
 
 8
 vs.
 
 Linley E. Pearson, et al., Defendants
 Cause No. S85-100
 
 9
 March 30, 1990.
 
 MEMORANDUM AND ORDER
 
 10
 This cause is before the court on the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.
 
 I.
 
 11
 Plaintiff Orrin Scott Reed, an inmate at the Indiana State Prison ("ISP"), filed his original pro se complaint on January 31, 1985, pursuant to 42 U.S.C. § 1983, against Linley E. Pearson, Jack R. Duckworth, and Gordon Faulkner. On October 7, 1985, the court granted Mr. Reed leave to amend his complaint to include sixteen additional defendants, including Robert Orr, governor of the State of Indiana at the time Mr. Reed filed his complaint, Dean Duvall, Robert Bronnenberg, Frank Adkins, John Wells, G.A. Barrera, R.L. Batchelor, Mr. Hardman, Mr. Devaro, L. Jasper, Dr. Offerle, G. Raduenz, Sue Hood, John Doe Director of Hospital Dental Clinic, Jane Doe Officer in charge and/or visiting Room Supervisor, and Jerry Crum.
 
 
 12
 On July 31, 1987, Mr. Reed was given leave to amend his complaint a second time to add Legal Facilities Supervisor R. Bloomer as a defendant, alleging that Mr. Bloomer denied him access to the prison legal facilities, denied him access to the courts, and denied him due process.
 
 
 13
 In his complaint, Mr. Reed alleges that defendant Duckworth, the Prison's former superintendent, violated his civil rights by: (1) failing to address grievances; (2) restricting Mr. Reed's use of the mail for legal correspondence; (3) restricting Mr. Reed's visitation; (4) failing to provide sanitary and nutritious meals; (5) restricting Mr. Reed's sales and purchases; (6) denying Mr. Reed equal access to recreational equipment; (7) failing to provide adequate medical treatment; (8) forcing Mr. Reed to pay postage on his mail under a policy where prisoners with more than $30.00 in their prison account are not allowed free postage; (9) denying Mr. Reed's request to be placed on an honor cellblock; (10) confining Mr. Reed in special handcuffs; (11) failing to enforce noise rules in Mr. Reed's cellblock; and (12) failing to provide sufficient hygiene supplies to Mr. Reed.
 
 
 14
 Mr. Reed seeks compensatory and punitive damages and injunctive relief. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3).
 
 
 15
 The defendants moved for summary judgment on December 9, 1989. Mr. Reed responded to the motion on February 13, 1990.
 
 II.
 
 16
 A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); Hanson v. Turnage, 892 F.2d 653, 656 (7th Cir.1990). If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Zayre Corp. v. S.M. & R. Co., Inc., 882 F.2d 1145 (7th Cir.1989). A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Santiago v. Lane, 894 F.2d 218, 221 (7th Cir.1990). Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Schroeder v. Copley Newspaper, 879 F.2d 266, 269 (7th Cir.1989).
 
 
 17
 The parties cannot rest on mere allegations in the pleadings. Goldberg v. Household Bank, F.S.B., 890 F.2d 965, 967-968 (7th Cir.1989). The court must draw any permissible inferences from the materials before it in favor of the non-moving party, Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir.1989), as long as the inferences are reasonable. Spring v. Sheboygan Area School District, 865 F.2d 883, 886 (7th Cir.1989). The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law. Local 1545, United Mine Workers v. Inland Steel Coal Co., 876 F.2d 1288 (7th Cir.1989).
 
 
 18
 Even on an issue of intent, summary judgment is proper if the party with the burden at trial presents no indication of the necessary motive or intent. Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307 (7th Cir.1989).
 
 A.
 
 19
 Defendants Pearson, Bronnenberg, Adkins, and Devaro seek dismissal for the reason that Mr. Reed's complaint fails to name them even once in his complaint. In Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974), the court held that when the complaint is silent as to the defendant except for his name appearing on the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.
 
 
 20
 In addition, defendants Orr, Faulkner, Duvall, Batchelor, Hardman, Raduenz, Hood, Crum, and Offerle seek dismissal on the grounds that only the most vague and conclusory allegations are leveled against them.
 
 
 21
 As a matter of law, Mr. Reed's case demonstrates no right of recovery against defendants Pearson, Bronnenberg, Adkins, Devaro, Orr, Faulkner, Duvall, Batchelor, Hardman, Raduenz, and Offerle. Officials cannot be held liable simply because those subordinate to them allegedly violated Mr. Reed's constitutional rights; personal involvement must be shown. Monell v. Department of Social Services, 436 U.S. 658 (1978); Rascon v. Hardiman, 803 F.2d 269 (7th Cir.1986); Adams v. Pate, 445 F.2d 105 (7th Cir.1971). Mr. Reed has neither alleged nor shown that defendants Pearson, Bronnenberg, Adkins, Devaro, Orr, Faulkner, Duvall, Batchelor, Hardman, Raduenz, and Offerle were personally involved with the violations Mr. Reed alleges in his complaint. Accordingly, those defendants are entitled to judgment.
 
 
 22
 Mr. Reed's complaint specifically names defendants Hood and Crum, and the court, therefore, concludes that the summary judgment motion filed by defendants Hood and Crum must be denied to the extent it is based on lack of allegations of personal involvement.
 
 B.
 
 23
 Mr. Reed named John Wells, director of Legal Facilities, as a defendant his original complaint. On July 31, 1987, Mr. Reed amended his complaint to add R. Bloomer as a defendant, alleging a denial of access to the courts. In his amended complaint, Mr. Reed alleges that defendant Bloomer maliciously and intentionally violated his constitutional rights by refusing Mr. Reed access to the prison legal facilities, meaningful access to the courts, denied his right to due process, and denied his equal rights by refusing to call Mr. Reed out for legal research and refusing to copy documents.
 
 
 24
 Under the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, prisoners have the right to adequate, effective, and meaningful access to the courts to challenge violations of their constitutional rights. Bounds v. Smith, 430 U.S. 817, 824 (1977). This access may be accomplished by providing either a law library or consultation from legally trained assistants. Id. at 828. The constitutional standard requires "meaningful", not total or unlimited, access to courts. Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.), cert. denied 109 S.Ct. 162 (1988); Campbell v. Miller, 787 F.2d 217, 226 (7th Cir.), cert. denied 479 U.S. 1019 (1986).
 
 
 25
 Mr. Reed complains about being denied access to the courts because of defendant Bloomer's refusal to call Mr. Reed out for legal research and as a result of defendant Bloomer's refusal to copy all the documents Mr. Reed requested to be copied. The First Amendment guarantees meaningful access to the courts, not simply access to legal materials. Mr. Reed's complaint alleges denial of the latter and not the former.
 
 
 26
 For the foregoing reasons, the court now grants the motion for summary judgment of defendants Wells and Bloomer.
 
 C.
 
 27
 Throughout Mr. Reed's complaint, he names Warden Duckworth as the person who violated his civil rights. He alleges that "the grievance appeal system is not a proper means of alleviating grievances, protecting civil rights, preventing inmate harassment or injustice, or properly exhausting state remedies." Mr. Reed further alleges that some of his grievances were not answered.
 
 
 28
 The Fourteenth Amendment to the United States Constitution prohibits a state from depriving all persons, including inmates, of life, liberty, or property without due process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Because Mr. Reed has no liberty interest in a grievance system, his claim of an inadequate grievance appeals system states no due process claim. See Shango v. Jurich, 681 F.2d 1091 (7th Cir.1982). The grievance procedure that Mr. Reed challenges does not establish specific substantive predicates to limit prison officials' discretion. Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989). Accordingly, the court now grants the motion for summary judgment of defendants Duckworth and Barrera with respect to the claim based on the grievance procedure.
 
 D.
 
 29
 Mr. Reed contends that Warden Duckworth and the State of Indiana restricted his correspondence, legal mail, and all communication between inmates confined in separate institutions, violating both state and federal law.
 
 
 30
 In Turner v. Safley, 482 U.S. 78, 89 (1987), the court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." The Turner court noted that because communication between inmates can foster security problems within prisons, a restriction of such communication is rationally connected to legitimate governmental interests.
 
 
 31
 The policy of which Mr. Reed complains is reasonably related to legitimate penological interests. Defendant Duckworth is entitled to judgment on this claim.
 
 E.
 
 32
 Mr. Reed alleges that Warden Duckworth unconstitutionally deprived him of his visitation rights. To create a protected liberty interest in the prison context, state regulations must use explicitly mandatory language in connection with the establishment of specific substantive predicates to limit official discretion. Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. at 1910. Indiana prison regulations setting forth visitation privileges create no liberty interest in receiving visitors protected by the due process clause. Accordingly, defendant Duckworth is entitled to judgment on this claim.
 
 F.
 
 33
 Mr. Reed alleges "that the existing mess hall and sanitary conditions are dangerously unsanitary and filthy with filthy food particles on the eating, cooking and serving utensils; roaches and insects crawling on all facilities; and sewage actually flows across the floors several times each week." He also contends that doctor-prescribed diets are not met.
 
 
 34
 In their summary judgment motion, the defendants assert that Mr. Reed's allegations have been visited before by this court and need not be relitigated since the court, relying on Bono v. Saxbe, 620 F.2d 609 (7th Cir.1980), and Ramos v. Lamm, 639 F.2d 559 (10th Cir.), cert. denied 450 U.S. 1041 (1981), found the prison kitchen conditions and procedures adequate. See Hendrix v. Faulkner, 525 F.Supp. 435 (N.D.Ind.1981), aff'd sub nom. Wellman v. Faulkner, 715 F.2d 269 (7th Cir.1983), cert. denied 468 U.S. 1217 (1984).
 
 
 35
 Upon review of the record, the court concludes that Mr. Reed's claim of unsanitary conditions in the mess hall is not barred by the doctrine of res judicata, Park Lane Hosiery Co. v. Shore, 439 U.S. 322 (1979), or the doctrine of collateral estoppel, Gilldorn Sav. Asso. v. Commerce Sav. Asso., 804 F.2d 390, 392 (7th Cir.1986), since Mr. Reed may be able to show that conditions have changed or worsened since Hendrix. Sewage was mentioned in the Hendrix decree, but not to the degree reported by Mr. Reed. Summary judgment on this issue is inappropriate.
 
 G.
 
 36
 Mr. Reed's allegation of denial of equal treatment with regard to purchasing, disposition of property, permits for hobbies, and punishment must fail because of Mr. Reed's failure to show an invasion of his civil rights. He has no constitutional right to purchase items through catalogs. See Tunnell v. Robinson, 486 F.Supp. 1265 (N.D.Pa.1980). Unless Mr. Reed can point to mandatory language in a state statute or regulation entitling him to purchase items through a catalog, he has no due process claim. Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. at 1904. Mr. Reed has pointed to no such language; accordingly, the defendants are entitled to judgment on this claim.
 
 H.
 
 37
 Mr. Reed alleges that Superintendent Duckworth violated his equal protection rights when Superintendent Duckworth distributed thousands of dollars worth of recreational equipment to certain inmates while denying Mr. Reed and other inmates the same equipment.
 
 
 38
 To maintain an equal protection claim, a plaintiff must allege that the defendants intentionally discriminated against him because of his membership in a particular class, Gray v. Lacke, 885 F.2d 399, 414 (7th Cir.1989); see also Shango v. Jurich, 681 F.2d at 1104, and Mr. Reed identifies no particular class of which he was a member. Accordingly, he states no equal protection claim, and the defendants are entitled to summary judgment on this issue.
 
 I.
 
 39
 Mr. Reed alleges that Warden Duckworth violated his civil rights "by failing to provide necessary and adequate medical care and treatment." No claim is stated under the Eighth Amendment with respect to refusal of medical care unless the plaintiff suffered from a serious medical need, Estelle v. Gamble, 429 U.S. 97 (1976); Meriwether v. Faulkner, 821 F.2d 408 (7th Cir.), cert. denied 484 U.S. 935 (1987), and neither the complaint nor Mr. Reed's submissions on the summary judgment motion suggest the serious medical need to which defendant Duckworth allegedly was indifferent.
 
 J.
 
 40
 Mr. Reed complains about a policy established by Warden Duckworth which requires that anyone with $30.00 or more in his prison account prepay all postage on legal documents to the courts and/or attorneys of record.
 
 
 41
 Inmates have no right to unlimited free postage as part of their right of access to the courts. Gaines v. Lane, 790 F.2d 1299 (7th Cir.1986); Hoppins v. Wallace, 751 F.2d 1161 (11th Cir.1985); Bach v. Coughlin, 508 F.2d 303 (7th Cir.1974). Mr. Reed has not shown how the policy deprived him of access to the courts. The defendants are entitled to judgment on this claim.
 
 K.
 
 42
 Mr. Reed complains of being denied permission to transfer to I-Cellhouse, an honor cellhouse. To maintain a due process claim, Mr. Reed must allege that he was deprived of a liberty interest without due process of law. Mr. Reed suggests no constitutionally protected liberty interest placement in a particular institution or place within an institution. Meachum v. Fano, 427 U.S. 215 (1976); Shango v. Jurich, 681 F.2d at 1091; Hanvey v. Pinto, 441 F.2d 1154 (3rd Cir.1971). As a result, Mr. Reed states no due process claim.
 
 L.
 
 43
 Mr. Reed alleges that Superintendent Duckworth "uses a special handcuff whereas inmates are placed in great pain", in violation of the Eighth Amendment.
 
 
 44
 The Eighth Amendment prohibits punishments or conditions of confinement that: (1) involve unnecessary and wanton infliction of pain; (2) are grossly disproportionate to the severity for the crime of conviction; or (3) totally lack penological justification. Caldwell v. Miller, 790 F.2d 589, 600 (7th Cir.1986). Mr. Reed has not made out a violation of the Eighth Amendment. Accordingly, the defendants are entitled to judgment on this claim.
 
 M.
 
 45
 Finally, Mr. Reed complains about loud noises, radios, yelling, and the lack of hygiene items. Mr. Reed has failed to establish a liberty interest entitled to due process protection. Further, Mr. Reed has failed to point to mandatory language in a state statute or regulation entitling him to a noise free environment or a specific number of hygiene items. The defendants are entitled to judgment on this claim.
 
 III.
 
 46
 For the foregoing reasons, the defendants' motion for summary judgment is GRANTED with respect to Mr. Reed's claims of (1) failing to address grievances; (2) restricting the use of the mail for legal correspondence; (3) restricting visitation; (4) failing to provide sanitary and nutritious meals; (5) restricting purchases at the prison commissary; (6) denying equal access to recreational equipment; (7) failing to provide adequate medical treatment; (8) forcing payment of postage under a policy where prisoners with less than $30.00 in their prison account are allowed free postage; (9) denying a request to be placed on an honor cellblock; (10) confining him in special handcuffs; (11) failing to enforce noise rules in the cellblock; and (12) failing to provide sufficient hygiene supplies against defendants Linley E. Pearson, Jack R. Duckworth, Gordon Faulkner, Robert Orr, Dean Duvall, Robert Bronnenberg, Frank Adkins, John Wells, G.A. Barrera, R.L. Batchelor, Mr. Hardman, Mr. Devaro, L. Jasper, Dr. Offerle, G. Raduenz, Sue Hood, John Doe director of Hospital Dental Clinic, Jane Doe office in charge and/or visiting room supervisor, Jerry Crum, and R. Bloomer. The motion for summary judgment is DENIED with respect to Mr. Reed's claim of unsanitary kitchen conditions against defendants Duckworth and Jasper.
 
 
 47
 SO ORDERED.
 
 
 48
 Robert L. Miller, Jr.
 
 Robert L. Miller, Jr., Judge
 United States District Court
 
 49
 cc: Reed
 
 Schoening/Murphy
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record